UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**JESSICA LOPEZ,** an individual

    Plaintiff,

v.

**PRESTIGE CARE AVENTURA, LLC**,
a Florida Limited Liability Company
and **ROMAN GOLDENBERG,**
an individual

    Defendants,

_____/

## **COMPLAINT**

COMES NOW the Plaintiff JESSICA LOPEZ ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants PRESTIGE CARE AVENTURA, LLC ("PRESTIGE CARE") and ROMAN GOLDENBERG ("GOLDENBERG") individually, (collectively, "DEFENDANTS") and alleges:

### JURISDICTION AND VENUES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act" or "FLSA").

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

3. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

4. Defendant PRESTIGE CARE AVENTURA, LLC., is a Florida corporation, having its main place of business in Miami-Dade County, Florida. At all times, the Defendant was and is engaged in interstate commerce within the meaning of the FLSA.

5. Defendant ROMAN GOLDENBERG was and is *owner/manager/operator* of Defendant, PRESTIGE CARE AVENTURA, LLC. Defendant ROMAN GOLDENBERG is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. At all times relevant to the allegations contained herein, Plaintiff LOPEZ was employed by PRESTIGE CARE AVENTURA, LLC and ROMAN GOLDENBERG.

7. Defendants, PRESTIGE CARE AVENTURA, LLC and ROMAN GOLDENBERG are an "employer," as defined under the FLSA, as they have operational control and are directly involved in decisions affecting employee compensation and hours worked by employees, such as the Plaintiff

8. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court

## GENERAL ALLEGATIONS

9. Defendant PRESTIGE CARE AVENTURA, LLC is an assisted living facility. Defendant PRESTIGE CARE AVENTURA, LLC., corporate offices are located at 19840 NE 26th Ave, Miami, Florida 33180.

10. Defendants PRESTIGE CARE AVENTURA, LLC, and ROMAN GOLDENBERG employed the Plaintiff JESSICA LOPEZ, from approximately July 24, 2017 until August 23, 2019, or 108 weeks.

11. At all times during her employment with Defendants, Plaintiff, a caregiver, performed all duties assigned in a professionally competent manner, faithfully followed all instructions given by supervisors, and abided by all the rules and regulations of Defendants. Plaintiff never exercised any discretion or judgment in duties assigned to her.

12. Defendants, PRESTIGE CARE AVENTURA, LLC and ROMAN GOLDENBERG are an "employer," as defined under the FLSA, as they have operational control and are directly involved in decisions affecting employee compensation and hours worked by employees, such as the Plaintiff

13. Plaintiff LOPEZ was an hourly employee.

14. Plaintiff LOPEZ worked approximately twenty-two and a half (22.5) months at an average of seventy-eight (78) hours per week.

15. In 2017, Plaintiff LOPEZ worked from July 24, 2017 through December 31, 2017 and earned $10.00 per hour. The halftime rate in 2017 was $5.00 per hour. Plaintiff LOPEZ worked an average of 38 overtime hours for 23 weeks and is owed $4,370.00 for 2017.

16. In 2018, Plaintiff LOPEZ worked from May 28, 2018 through December 31, 2018 and earned $10.25 per hour. The halftime rate in 2018 was $5.13 per hour. Plaintiff LOPEZ worked an average of 38 overtime hours for 40 weeks and is owed $7,797.00 for 2018

17. In 2019, Plaintiff LOPEZ worked from January 1, 2019 through August 23, 2019 and earned $10.50 per hour. The halftime rate in 2019 was $5.25 per hour. Plaintiff LOPEZ an average of 38 overtime hours for 34 weeks and is owed $6,783.00 for 2019.

18. Upon information and belief, Defendants failed to fully compensate Plaintiff LOPEZ and currently owes Plaintiff LOPEZ wages in EIGTHEEN THOUSAND NINE HUNDRED AND FIFTY DOLLARS and 60/100 ($18,950.60)

19. Defendants willfully failed to pay Plaintiff LOPEZ overtime hours at the rate of time and one-half her regular rate for every hour that she worked more than forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

20. Plaintiff LOPEZ provided notice to Defendants, prior to filing this action of Defendants failure to pay unpaid wages. (Communications attached hereto as **Exhibit 'A.'**)

### I. COUNT I VIOLATION OF FAIR LABOR STANDARDS ACT FAILURE TO PAY OVERTIME WAGES, AGAINST ALL DEFENDANTS

21. Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 – 20 above as if set out in full herein

22. This action is brought by Plaintiff LOPEZ to recover from Defendants for unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any

of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant GOLDENBERG at all times material, was an *owner/manager/operator* of Defendant PRESTIGE CARE and Defendant GOLDENBERG at all times material, was acting directly or indirectly in the interest of Defendant PRESTIGE CARE in relating to Plaintiffs' employment and was substantially in control of the terms and conditions of the employees' work, and is therefore considered a statutory employer under 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, Defendants having been engaged in related activities performed through unified operation or common control for a common business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and is engaged in the operation of an institution primarily engaged in the care of the sick, or the aged, who reside on the premises of such institution. Additionally, Defendants engaged in interstate commerce by regularly marketing and selling to individuals beyond Florida's boarders (see e.g., www.prestigecareaventura.com), and by regularly making and receiving interstate telephone calls, email inquiry and facsimiles (see e.g., www.prestigecareaventura.com). As such Defendants constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the FLSA (29 USC § 203(r) and (s)).

25. Upon information and belief, the annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

AZOY SOCORRO, LLP
2020 Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

26.     By reason of the foregoing, the Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27.     During the period from approximately July 24, 2017 until August 23, 2019, Defendants willfully employed Plaintiff in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate her for her employment in excess of 40 hours per week at a rate of at least one and one-half (1½) times the regular rate at which she was employed, contrary to the requirements of Section 7 of the FLSA (29 USC § 207).

28.     The Plaintiff is not in possession of time and payment records, but she will offer a preliminary good faith estimate of her unpaid overtime hours based on her best recollections. The Plaintiff will adjust his statement of claim after proper discovery.

> *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
> **Florida minimum wage is higher than federal minimum wage, as per FLSA regulations the higher minimum wage rate applies.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      EIGTHEEN THOUSAND NINE HUNDRED AND FIFTY DOLLARS and 60/100 ($18,950.60)

   b. <u>Calculation of such wages</u>:

      1. <u>Overtime from July 24, 2017, to December 31, 2017, or 23 weeks</u>
      Relevant weeks of employment: 23 weeks
      Total number of hours worked: 78 hours weekly average
      Total overtime hours: 38 weekly average
      Wage: $10.00 per hour
      Halftime rate in 2017: $5.00 per hour.

O/T half-time difference $5.00 x 38 O/T hours=$190.00 weekly
$186.12 x 23 weeks= **$4,370.00**

2. <u>Overtime from May 28, 2018 to December 31, 2018, or 40 weeks</u>
Relevant weeks of employment: 40 weeks
Total number of hours worked: 78 hours weekly average
Total overtime hours: 38 weekly average
Wage: $10.25 per hour
Halftime rate in 2017: $5.13 per hour.

O/T half-time difference $5.13 x 38 O/T hours=$194.94 weekly
$194.94 x 40 weeks= **$7,797.60**

3. <u>Overtime from January 1, 2019 to August 23, 2019, or 34 weeks</u>
Relevant weeks of employment: 34 weeks
Total number of hours worked: 78 hours weekly average
Total overtime hours: 38 weekly average
Wage: $10.50 per hour
Halftime rate in 2017: $5.25 per hour.

O/T half-time difference $5.25 x 38 O/T hours=$199.50 weekly
$199.50 x 34 weeks= **$6,783.00**

29. The Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff for overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

30. Defendants are liable to Plaintiff for liquidated damages in an amount equal to Plaintiffs' unpaid overtime, for a willful violation of the FLSA.

31. At the times mentioned, individual Defendant ROMAN GOLDENBERG was the owner/partner/manager of ROMAN GOLDENBERG. Defendant ROMAN GOLDENBERG was the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of PRESTIGE CARE AVENTURA, LLC., concerning its employees, including Plaintiff and others similarly

situated. Defendant ROMAN GOLDENBERG had absolute financial and operational control of the Company, determining terms, and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

32. Defendants PRESTIGE CARE AVENTURA, LLC., and ROMAN GOLDENBERG willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

33. Plaintiff Lopez has retained Azoy Socorro LLP, to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JESSICA LOPEZ respectfully request that this Honorable Court:

- A. Enter judgment for Plaintiff JESSICA LOPEZ against the Defendants PRESTIGE CARE AVENTURA, LLC., and ROMAN GOLDENBERG, on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and
- B. Award Plaintiff JESSICA LOPEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interests; and
- C. Award Plaintiff an equal amount in double damages/liquidated damages; and
- D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY TRIAL DEMAND

Plaintiff JESSICA LOPEZ demands a trial by a jury of all issues triable as of right by a jury.

Dated: October 27, 2020

Respectfully submitted,
**AZOY SOCORRO, LLP**
Attorneys for Plaintiff
2020 Ponce de Leon Blvd., Suite 1008
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com;
david@azoyscorro.com

/s/ David M. Fraguio
By: _____
**JOSÉ A. SOCORRO, ESQ**.
Florida Bar No. 0011675
**DAVID M. FRAGUIO, ESQ.**
Florida Bar No.: 1016475